### FOR THE

## COUNTY OF BERKSHIRE, SEPTEMBER TERM 1842, AT LENOX.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE,  
Hon. CHARLES A. DEWEY, } Justices.
Hon. SAMUEL HUBBARD,

---

## Hubbard Bartlett & others *vs.* Laura Nye & others.

A devise of real estate to an unincorporated society, for charitable uses, is valid. The estate, in such case, descends to the heirs of the testator, subject to a trust created by him, which they are bound to execute; and if they do not execute it voluntarily, the court will regulate and enforce the execution thereof.

This was a bill in equity, which set forth that Tamme Adams, late of Lee, deceased, by her last will, which had been duly proved and allowed, after giving divers legacies, gave and bequeathed the remainder of her estate, both real and personal, to the American Board of Commissioners for Foreign Missions, and to the American Bible Society; the avails of said estate to be divided equally between the said societies: That said Bartlett, one of the complainants, was appointed sole executor of said will, and had taken upon himself the execution thereof: That the said American Bible Society, at the time of the death of the testatrix and of the probate of said will, was a voluntary association, established for good, benevolent and charitable purposes, and not a society established by law; and that upon the

decease of said testatrix, the real estate, so devised by her to the American Bible Society, descended to her heirs at law, (naming them) but subject, in equity, to the said devise : That said heirs and their assigns claim to be seized of an indefeasible estate in fee simple in the lands so devised to said Bible Society, and assert that the said devise to said society is inoperative and void.

The prayer of the bill was, that the devise to said Bible Society might be established and carried into execution by and under the direction of the court ; that the real estate of the testatrix might be conveyed, as the court should direct, for the benefit of the said charity, and that her heirs at law, or all proper parties, be directed to join in the conveyance ; and finally, that such other orders and decrees might be passed, and such other relief given, as the nature of the case requires.

The defendants demurred to the bill, and the argument **on** the demurrer was had at the last September term.

*Porter*, in support of the demurrer.

*Wells & G. J. Tucker*, for the plaintiffs.

WILDE, J. (After stating the contents of the bill.) The only question raised by the demurrer to the bill is, whether the allegations therein contained show such a trust as this court can take cognizance of and enforce. It is contended for the defendants, some of the heirs at law of the testatrix, that the said devise to the American Bible Society is wholly void ; that no valid trust was created by said devise ; and that the said heirs now hold the real estate of the testatrix by an indefeasible title.

This question, we think, has been virtually decided in the case of *Burbank* v. *Whitney*, 24 Pick. 146. The devise and bequest, in that case, were to the same American Bible Society and to other societies. The question arose as to the personal estate of the testator ; and it was decided that a bequest for charitable uses to an unincorporated society might be enforced by virtue of *St.* 43 Eliz. *c.* 4, if not independently of that statute. " By the will," it is said, " a trust was created ; and on the death of the testator, the legal estate vested in the executor, and not in the legatees. He held it in trust for them, and was bound to collect and pay over the money according to the direc

tions of the will. And this trust the executor might be compelled to perform, by this court, as a court of equity, if he had not performed it voluntarily." The same principle applies to the present case. A valid trust having been created by the testatrix, the real estate descended to her heirs subject to the trust, which they are bound to execute.

In the case of *McCartee* v. *Orphan Asylum Society*, 9 Cow. 484, Chancellor Jones says, " it is the settled doctrine of the court, in the construction of wills and the administration of trusts, that a trust shall never be permitted to fail, through the failure or disability of the trustee to execute the trust, but shall be supported upon the intention of the testator ; that the trust is attached and fastened to the land, and that the land remains chargeable with it in the hands of the heir or devisee."

It is also a well settled doctrine under the statute of Elizabeth for charitable uses, that an appropriation or dedication of property for such uses will be upheld, although there were no specific grantee or trustee. In all such cases arising under wills, the executor or heir, as the case may be, becomes the trustee of those for whose use the donation or appropriation is intended, and may be compelled by a court of equity to execute the trust. *Beatty* v. *Kurtz*, 2 Pet. 583. *Pawlet* v. *Clark*, 9 Cranch, 292, 331. So Chancellor Walworth says, in *Potter* v. *Chapin*, 6 Paige, 649, 650, " although some doubt was thrown upon the question of charitable donations, for the benefit of a community or body not incorporated so as to be capable of taking and conveying the legal title to property, by the decision of the supreme court of the United States in the case of the *Baptist Association* v. *Hart's Executors*, 4 Wheat. 1, I believe it is generally admitted that the decision in that case was wrong. And it may now be considered as an established principle of American law, that the court of chancery will sustain and protect such a gift, bequest or dedication of property to public or charitable uses, provided the same is consistent with local laws and public policy, where the object of the gift or dedication is specific and capable of being carried into effect according to the intention of the donor." See also 1 U. S. Digest, Charities & Charitable Uses.

The principle thus laid down appears to us well founded and well supported by the current of the authorities, both in this country and in England. And it is decisive in the present case. In what manner the trust is to be enforced, it is not necessary now to decide. That question will be for consideration upon a hearing on the coming in of the answer, if the defendants should be advised any further to defend the suit.

*Demurrer overruled*