CAHILL &c.
vs
BIGGER, &c.

---

8bm 211
112 523

## Cahill &c. *vs* Bigger, &c.

CHANCERY.

ERROR TO THE NICHOLAS CIRCUIT.

Case 55.

*Church case. Trustees.*

JUDGE BRECK delivered the opinion of the Court.

January 20.

GARLAND BIGGER, Samuel Cahill, Reason Downing, and Edward Parry, claiming to be deacons of the Baptist Church in the town of Washington, Kentucky, exhibited this bill in chancery against Oliver Cahill as the bishop, and Martin Steele as a deacon of a Christian Church, commonly known as the Reformed Church,

Case stated.

<div style="margin-note">Cahill &c.<br>vs<br>Bigger, &c.</div>

seeking that they or their Church might be quieted in the exclusive possession and enjoyment of a lot of ground, which had been dedicated to the use of said Church, and a house of public worship erected thereon.

The Court below decreed the relief sought and the <span style="margin">Decree of the Circuit Court.</span> defendants have appealed to this Court.

The facts or such of them as it is necessary particularly to refer to, are as follows:

In 1797, the trustees of the town of Washington conveyed the lot in controversy, to James Turner and three others, deacons of the Particular Baptist Church of said town, and to their successors, as trustees, for the use of said Church.

About 1800, it appears that there was a union between the particular and separate Baptists in Kentucky, under the denomination of *United Baptists.* Some ten or fifteen years since, the Church represented by the defendants, called the Reformed Church, was organized and consisted in part of seceding members from the Baptist Church, for whose use this suit is instituted. This new Church, by some arrangement, as the defendants alledge, with the old Church, have for some years past, been permitted to occupy for public worship, a portion of the time, the meeting house in question.

The old Church finally claimed the exclusive use of the house and requested the new Church to desist from the further occupation of it, which they declined doing.

Whether the Court below under the circumstances, was right in decreeing to the old Church the exclusive use of the house and restraining the defendants and their Church from interfering with it, is the subject of enquiry.

It is contended on the part of the plaintiffs in error, that the Court below had no jurisdiction of the cause.

It satisfactorily appears that the complainants were the acting deacons of the old Church.

It is true this fact was established by parol testimony; <span style="margin">Evidence admitted without objection in the Court below, cannotbe objected to inthe Court of Appeals.</span> whether competent or not, we need not enquire, as it was read without objection, and it is too late to except to it here. They claim as the successors of Turner and others, deacons, to whom the property was originally

conveyed, to be invested with the legal title; but that position is not sustainable.

The Church was not, so far as appears, a corporate body, and the title would not, therefore, pass from the first grantees to their successors as deacons. The title is, consequently, in the first grantees or such of them, if any, as are still living, or in the heirs of the last survivor of them if they are all dead. The statute abolishing the right of survivorship does not, we think, apply to a case of this kind: *Trustees of Augusta* vs *Perkins.* (3 *B. Monroe,* 437.)

The complainants, therefore, could not maintain this suit upon the ground that they were invested with the legal title to the property. But they were officers of the Church, which was the beneficiary under the deed of 1797, and as such may be presumed to be entrusted with the care and management of its concerns and property. And according to the case of *Beatty, &c.* vs *Bruton,* (2 *Peters,* 566,) could resort to a Court of equity for its protection and relief. The same principle was also recognized by this Court at the present term, in *Chorn, &c.* vs *Hadden, &c.* The propriety of resorting to a Court of equity for the relief sought in this case, is not only recognized and settled in the cases cited, but in *Curd* vs *Wallace,* (7 *Dana,* 192,) and other cases decided by this Court, is considered the most appropriate and effectual remedy.

2. It is insisted that the Church for which relief is sought, is not the *Particular Baptist Church,* for whose use the property was dedicated. It is true, that after *the union* of 1800, it seems to have been known as the United Baptist Church. But it is alledged and shown, that although there was a change in the name, there was none in the organization, constitution or principles of the Church. That in point of fact it is the same identical Church—the same religious society named in the deed, and for whose benefit it was made. The fact, therefore, that it has been called the United Baptist Church, or the Baptist Church of Washington, cannot affect its rights, and is not deemed material.

---

*Margin notes:*

CAHILL &c.
*vs*
BIGGER, &c.

The title to property granted to the trustees of a private unchartered association and their successors, on the death of the trustees passes to their heirs, or the heir of the last successor, and not to their successors by appointment.

But in case of a grant to trustees for the benefit of a Church, the officers of the Church which was the beneficiary, may maintain a suit in chancery to be quieted in the enjoyment of the grant: (2 *Peters,* 566;) *Chorn* vs *Hadden, ante.*

A Church to which a grant was made by the name of the Particular Baptist Church, by afterwards taking the name of United Baptist Church, did not thereby loose its identity or the benefit of the grant.

3. The right to a partial use of the house set up by the defendants for their Church, cannot be sustained. So far from being *the* Baptist Church provided for in the deed, it is not even contended that it is a Baptist Church of any denomination. It does not claim to belong to or to constitute any part of the old Church, but to be an entirely separate and distinct body of Christians. It moreover appears that very few of its members were ever members of the old Church.

The defendants have also failed to establish any such contract or agreement with the old Church, as will entitle the new to the continued or further use of the house against the will of the old Church.

Wherefore, the decree is affirmed.

*Reed* for plaintiffs; *Payne, McClung and Taylor* for defendants.