### WHITE v. WHITE.

(Supreme Court, Appellate Division, First Department. December 8, 1911.)

DIVORCE (§ 262*)—APPEAL—DISMISSAL—GROUNDS—CONTEMPT OF COURT.

Where defendant in divorce, by his refusal to obey the orders of the court as to alimony and counsel fees and to provide the expenses of plaintiff's opposition to his appeals, made it impossible for plaintiff to oppose such appeals, they will be dismissed.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 738; Dec. Dig. § 262.*]

Action by Louisa B. White against Henry White. On motion to dismiss defendant's appeal. Motion granted.

See, also, 131 N. Y. Supp. 1150.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

William H. Hamilton, for the motion.

Clarence J. Shearn, opposed.

PER CURIAM. The defendant, by his insistent refusal to obey the orders of the court as to alimony and counsel fee and for providing the expenses of the plaintiff in opposing this appeal, and his withdrawal from this state, has rendered it impossible for the plaintiff to oppose these appeals and sustain the judgment and orders appealed

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

from. Certainly the court cannot allow a party to an action to treat the orders of the court with contumely and contempt, and at the same time allow him to prosecute an appeal, especially where it appears that a compliance with the order is essential to the respondent to sustain the judgment and orders appealed from. There is no question of inability of the defendant to comply with the judgment and orders. He has simply treated the orders of the court with contempt, and withdrawn from its jurisdiction, so that they cannot be enforced.

The motion will therefore be granted, and the appeal dismissed, with $10 costs, unless the defendant shall, within 10 days after the service of a copy of this order, pay to the plaintiff all the arrears of alimony and counsel fee required to be paid, by the judgment and various orders requiring such payments.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.