# LEWIN U. SKIRVEN *v.* ELLA R. SKIRVEN.
## [No. 82, October Term, 1927.]

*Decided January 13th, 1928.*

268.

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Thomas F. Healey,* for the appellant.

*S. Scott Beck,* for the appellee.

OFFUTT, J., delivered the opinion of the Court.

The parties to this proceeding were married on January 28th, 1904, in Kent County, Maryland, where they still reside. On June 7th, 1926, Ella R. Skirven, the appellee, filed in the circuit court for that county a bill of complaint against her husband, the appellant, in which she prayed that she be divorced *a mensa et thoro* from him, and that he be required to pay her permanent alimony, alimony *pendente lite,* and a reasonable allowance for counsel fees and the expenses of the suit. As a ground for that relief she stated that the defendant had treated her with great harshness and cruelty, had done everything he could to harass her and make her life miserable, and had failed to contribute to her support, although he was in comfortable circumstances, while she was wholly destitute. The defendant appeared and answered the bill, denying in his answer all allegations of facts which would entitle the complainant to the relief prayed.

On the bill an order *nisi* was passed, allowing the complainant fifty dollars a month alimony *pendente lite,* and twenty-five dollars as a counsel fee. The defendant set up as cause why that order should not be made absolute "that he was an old man, being forty-nine years of age, and has no means of support other than what aid he receives from his father." A hearing was had, testimony was taken, and

the court, on July 13th, 1926, ordered "that the defendant, Lewin U. Skirven, pay a sum of twenty-five dollars as counsel fee for the solicitor of the complainant and that he shall pay further the sum of fifty dollars per month to the plaintiff as alimony *pendente lite* accounting from the 5th day of June, 1926, the first and second of said monthly payments to be made on or before July 17th, 1926, and thereafter said monthly payments to be made on the 15th of each month; and a copy of this order shall be served on the said Lewin U. Skirven on or before the 15th day of July, 1926." A copy of that order was served on the defendant on July 14th, 1926, but he failed to comply with it, and on July 22nd, 1926, the complainant filed a petition asking that he be required to pay the overdue instalments of alimony and counsel fees in accordance with the order of the court. On July 22nd, an attachment for contempt issued against the defendant, he was arrested, a hearing was had, and he was committed to jail for ten days. On August 2nd, 1926, he petitioned the "court for further proceedings on the part of the plaintiff," and the court ordered the complainant to show cause why she should not proceed to take testimony. By way of cause she alleged in an answer filed August 3rd, 1926:

"That she has received no money from her husband, the defendant in this cause, as alimony *pendente lite,* nor has her counsel received the twenty-five dollars counsel fee as the said defendant was ordered to pay by order of this honorable court heretofore passed.

"That before the defendant is entitled to an order of further proceedings compelling the plaintiff to take the testimony in this case, he is required to have first complied with all the orders of this court against him directed, and having failed to comply with said orders he is not in a position to invoke the aid of this honorable court in his behalf."

Nothing further was done in the case until June 4th, 1927, when the defendant again filed a petition in which he "respectfully petitioned the court for further proceedings on the part of the plaintiff." That petition was overruled by

an order passed on the same day, in which the court said: "The defendant being in flagrant default in failing to comply with a previous order of this court providing for the payment of alimony *pendente lite,* the above petition of the defendant is hereby refused, until compliance with said order." From that order the defendant appealed.

The order appealed from states that at the time it was passed the defendant was in "flagrant default" in failing to comply with a previous order of the court, and while the record does not disclose what order the court had in mind, counsel for the appellant concedes in his brief that it was an order requiring the defendant to pay alimony and counsel fees, and in effect he admits that the order of the trial court was based upon a finding that defendant was in contempt, for in stating the grounds for his appeal he says: "The principal question in this appeal is whether defendant, who is in contempt of court, has an absolute right to demand further proceedings upon the part of the plaintiff to take testimony in support of the allegations contained in her bill of complaint, such that it is the legal duty of the court, upon the request of the defendant, to force plaintiff to go on."

Conceding so much, there is little left in the case. This court, in *Gilbert v. Arnold,* 30 Md. 29, said:

"It is laid down as a general rule, by Lord Chief Justice Baron Gilbert, that a party in contempt is never to be heard, by motion or otherwise, until he has fully purged his contempt and paid the costs. *Gil. For. Rom.* 102; 1 *Daniell's Ch. Pr.* 488. And in *Newman v. Osbadiston,* 2 Bro. P. C. 276, where a defendant was in contempt for not putting in his examination pursuant to an order of the court, afterwards in order to avoid a writ of sequestration, moved that further process of contempt be stayed upon his undertaking to pay in a week's time, what should appear to be due the plaintiff, but the court refused to allow him to make the motion until he had cleared the contempt.

"It was also held in *Hewitt v. McCartney,* 13 Ves. 560, that a mortgagor, defendant to a bill of foreclosure, being in contempt, could not move under the statute of 7 Geo. II,

ch. 20, for a reference to the master, to take an account of the principal and interest due; other authorities might be cited if necessary, all affirming the general principle, that a party in contempt will not be heard by motion or otherwise, until he has relieved himself of the contempt." See also *Miller's Equity,* p. 302.

The rule as stated in that case is somewhat befogged by a modifying expression used in a number of cases as well as in certain text books and digests, to the effect that it applies only to "matters of favor." *Beach on Modern Equity Prac.,* par. 556; 13 C. J. 91. But there seems to be no recognized rule for determining what distinction there is in a court of equity between a matter of favor and a matter of right. In most cases litigants in courts of justice are there to assert rights and not to receive favors. Ordinarily a favor is a voluntary act of grace, kindness, or indulgence, which may be given or withheld at pleasure, and an act of that character is somewhat out of place in a court of justice in cases where what is given to one is taken from another, and, if contempt only disqualified the guilty litigant from asking favors, his loss would be slight. So far as we know, the rule, as stated in *Gilbert v. Arnold, supra,* has not been devitalized in this state by any such modification, and here the rule is that, while one adjudged guilty of contempt may attack the finding directly, he cannot, so long as it stands unimpeached, be permitted as a matter of right to make any motion, file any petition, or assert any claim for relief, in the particular suit in which the contempt has been adjudicated.

The court would be helpless indeed if the defendant could as a matter of right demand that it order the plaintiff, who was destitute and without any means to defray the cost of the litigation, to prosecute the suit, when the defendant through his own default and refusal to obey the court's orders had made it impossible for her to do so. *White v. White,* 148 App. Div. 883, 132 N. Y. Supp. 1043.

The defendant, therefore, if he was in contempt, had no right to insist that the plaintiff proceed with the case until he purged himself of it, but he contends that he was not

"adjudicated in contempt at the time of filing petition on 4th of June, 1927," because he had purged himself of the only contempt of which he had been found guilty by serving ten days in jail, and that he had not been heard nor given an opportunity to be heard in respect to any other contempt. But there is nothing in the record to support either contention. The fact that he was committed to jail did not operate as a rescission of the order directing him to pay plaintiff alimony *pendente lite,* and he remained in contempt until he complied with that order, in the absence of any showing that he had been discharged therefrom by the court. 13 C. J. 95, 96. Moreover, the trial court expressly stated that, on June 4th, 1927, he was in "flagrant default," and in the absence of any showing to the contrary, that conclusion will be presumed to be correct. *Earle v. Keating,* 127 Md. 697; *Mack v. Pairo,* 136 Md. 179; *Wilmer v. Placide,* 137 Md. 109; *Harrison v. Ridgely,* 144 Md. 142-3. But while, in view of the fact that the case is still pending in the trial court, and of the fact that that was the main question argued in this court, we have thought it best to express our views in respect to the propriety of the court's order, we will not affirm the order appealed from, because in our opinion it did not finally dispose of any right or interest of the parties to the suit, was not final in its nature, and was not properly the subject of an appeal. Code, art. 5, sec. 30; 13 C. J. 91, 92; *White v. White,* 148 App. Div. 883, 102 N. Y. Supp. 1040; *Lindsay v. Lindsay,* 255 Ill. 442.

The order allowing alimony and counsel fees, passed nearly a year before the order from which this appeal was taken, still stands in its original force and vigor. The order adjudging appellant guilty of contempt for failing to comply with that order, passed some ten months before he filed his last petition for further proceedings, still stands unrevoked and unmodified. With the record in that state, when the court refused to order the plaintiff to further proceed until appellant had complied with the order of July 13th, 1926, it imposed no unreasonable or onerous condition on

the appellant's right to defend the suit, nor did it finally dispose of any right or interest to which he was entitled, but left him at liberty to proceed with his defense, whenever he did that which, upon the face of the record, he was obliged in any event to do.

The appeal would also have to be dismissed for another reason. As matter of necessity, courts have some discretion in controlling the course of litigation pending before them, and acts done in the exercise of that discretion will not be reviewed unless there has been a clear abuse of it. Under all the facts and circumstances of this case, the demand that the plaintiff be required to proceed further was addressed to that discretion, and there being no evidence of any abuse of it, its exercise will not be reviewed by this court.

For both of these reasons, the appeal will be dismissed.

*Appeal dismissed, with costs.*