372 P.2d 697

Roger D. STEWART, Appellant,

v.

Lois F. STEWART, Appellee.

No. 7645.

Supreme Court of Arizona,

En Banc.

June 27, 1962.

Fennemore, Craig, Allen & McClennen, by Arthur M. Johnson, Phoenix, for appellant.

Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for appellee.

UDALL, Vice Chief Justice.

The sole question presented here is whether this appeal should be dismissed because of appellant's flagrant and contumacious disregard of certain orders of the trial court rendered incident to the proceedings below and on appeal.

Lois F. Stewart, appellee herein, filed her complaint for divorce from appellant on August 21, 1961. On September 5, 1961, after a hearing at which the parties were present and represented by counsel, appellant was ordered, *inter alia,* to pay appellee, pendente lite, $225 monthly for her support and maintenance and $500 for attorneys' fees. On October 3, 1961 the parties were again present and represented by counsel at a hearing on an order to show cause re contempt. It was then adjudged that appellant was in arrears in his sup-

port payments to the extent of $222.50 and that he was in contempt of court. The trial judge, however, ordered that:

> " * * * the defendant may purge himself of said contempt by paying the sum of $50.00 on the arrearage forthwith and the sum of $50.00 on the 20th day of each month hereafter until the full arrearage of $222.50 shall have been paid. These payments are in addition to the payments heretofore ordered."

On October 24, 1961 appellee again petitioned for an order to show cause re appellant's contempt for failure to make payments pursuant to the September 5th and October 3rd orders. Appellant was not present when this matter was heard on October 31, 1961. Accordingly, the trial court issued a bench warrant for his arrest.

Appellee's third petition for an order to show cause re appellant's contempt was dated November 2, 1961 and, after one continuance, ordered returnable on December 20, 1961. Appellant was personally served with this order to show cause in Los Angeles, California on December 7, 1961 but again failed to attend the December 20th hearing—at which time his "default" was entered.

On January 23, 1962 counsel for appellant reappeared [1] for him and demanded a

---

1. On October 25, 1961 the same counsel had been, at their request, ordered withdrawn as counsel for defendant.

jury trial in the matter. This request, as well as one for a continuance, was denied and the trial court thereupon entered a decree of absolute divorce for appellee and ordered the again absent appellant to pay attorneys' fees of $1250.

Counsel for appellant, whose motion for new trial was denied on February 15, 1962, filed his notice of appeal—restricted solely to the denial of jury trial issue—on April 16, 1962. Finally, on May 7, 1962, the trial court, upon petition by appellee, ordered appellant to pay appellee's attorneys (through the clerk of the court) $1500 as attorneys' fees for the appeal. It appears from the record that this order has also not been complied with by appellant.

For all this court knows appellant is still a fugitive from justice residing in California. He has been formally adjudicated in contempt for failure to make certain of the above mentioned payments and is in fact in contempt by refusing to obey several other court orders, including the May 7, 1962 order re appellee's attorneys' fees on appeal. In this posture he seeks aid from the appellate branch of the same judicial process he has repeatedly scorned at other levels.

Appellate courts are virtually unanimous in holding that when *their* orders are disobeyed by an appellant dismissal of the ap-

peal is warranted. E. g., Creel v. Creel, 29 So.2d 838 (Miss.1947); Annot., 49 A. L.R.2d 1425, 1427–28 (1956). Thus, in Willhoit v. Willhoit, 190 Okl. 620, 126 P.2d 242 (1942) the Oklahoma Supreme Court dismissed the appeal of a husband who failed to comply with that court's order that he pay his wife $100 for attorneys' fees necessary to resist his appeal from a divorce decree in her favor.

There is, however, a split in the authorities (and even several intrajurisdictional conflicts) as to whether dismissal is proper when the order violated is that of the *trial* court. Annot., 49 A.L.R.2d 1425, 1429 (1956). The majority rule, with which we here concur, is that dismissal is proper in the discretion of this court. There can be no meaningful distinction between a violation of Superior Court orders and disobedience to the commands of this court. The dignity of this state's judicial system is flouted in either case.

■ The United States Supreme Court has ruled that dismissal of a contumacious appellant's appeal is not a violation of due process. Rather it is a "reasonable" method of " * * * sustaining the effectiveness of a state's judicial process * * *." National Union of Marine Cooks and Stewards v. Arnold, 348 U.S. 37, 45 (1954), 75 S.Ct. 92, 96, 99 L.Ed. 46.[2]

2. In Arnold the Union suffered a money judgment in a libel ("blacklisting") action tried in a Washington State Superior Court. Pending the Union's appeal to the Supreme Court of Washington the trial court ordered the Union to deliver certain

Thus, appeals have been dismissed where obdurate appellants have disobeyed trial court orders to pay alimony, White v. White, 148 App.Div. 883, 132 N.Y.S. 1043 (1911), attorneys' fees, Rude v. Rude, 153 Cal.App.2d 243, 314 P.2d 226 (1957), court costs, MacPherson v. MacPherson, 13 Cal. 2d 271, 89 P.2d 382 (1939), or to report for a supplemental examination, Tobin v. Casaus, 128 Cal.App.2d 588, 275 P.2d 792, 49 A.L.R.2d 1419 (1954). Likewise, when appellants disdain to obey trial court orders respecting custody of minor children dismissal of the appeals is often the result. E. g., McEntire v. McEntire, 213 Ala. 328, 104 So. 804 (1925); Henderson v. Henderson, 329 Mass. 257, 107 N.E.2d 773 (1952).[3]

In dismissing appeals of those in contempt of trial court orders appellate courts often refer to the parallel rule that dismissal of a criminal appeal is proper where the prisoner-appellant has escaped. E. g., Pike v. Pike, 24 Wash.2d 735, 167 P.2d 401, 163 A.L.R. 1314 (1946). This analogy was relied upon by the United States Supreme Court in Arnold, supra. There Mr. Justice Burton stated that:

"Petitioner's failure to deliver the specified out-of-state property to the court's receiver frustrated the state court much as the escape of a prisoner would frustrate it in attempting to review his conviction." [4]

And in this connection it should be remembered that this court has twice ruled that: "a prisoner absconding and being a fugitive from justice waives the right to have his case considered and determined on appeal." Owen v. State, 19 Ariz. 193, 194, 167 P. 709 (1917); Alday v. State, 15 Ariz. 334, 138 P. 1043 (1914).

bonds to a court appointed receiver for safekeeping. The Union failed to comply and was adjudged in contempt of court. The Washington Supreme Court allowed the appellant Union 15 days to purge itself of contempt and then dismissed the appeal. Mr. Justice Burton, speaking for the seven man majority in affirming the dismissal, noted that the "circumstances" of the case were "comparable" to those in criminal cases wherein the Court had affirmed dismissal of appeals by prisoners who had escaped from custody pending their appeals. See text supporting note 4, infra.

3. In MacPherson v. MacPherson, 13 Cal.2d 271, 277, 89 P.2d 382, 385 (1939) the California Supreme Court dismissed appellant's appeal after saying that: "In secluding the children in a foreign country and alienating them, appellant violated not only his agreement with plaintiff and the provisions of the interlocutory and final decrees of divorce, but he has also wilfully and purposely evaded legal processes and contumaciously defied and nullified every attempt to enforce the judgments and orders of the California courts, including the very order from which he seeks relief by this appeal. Such flagrant disobedience and contempt effectually bar him from receiving the assistance of an appellate tribunal. A party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state."

4. 348 U.S. at 43–44, 75 S.Ct. at 96.

■ Nor does it matter in such cases whether or not the disobedient appellants have been formally adjudicated in contempt of court. McEntire v. McEntire, 213 Ala. 328, 104 So. 804 (1925); Tobin v. Casaus, 128 Cal.App.2d 588, 275 P.2d 792, 49 A.L.R.2d 1419 (1954); Casebolt v. Butler, 175 Ky. 381, 194 S.W. 305 (1917); Pike v. Pike, 24 Wash.2d 735, 167 P.2d 401, 163 A.L.R. 1314 (1946).

In the instant case the following extract from the California Appellate Court's opinion in Rude v. Rude, 153 Cal.App.2d 243, 249, 314 P.2d 226, 230 (1957) is apposite:

> "The husband cannot, with any propriety, ask this court to hear his claims and thereafter render him assistance, while he stands in an attitude of complete contempt to any and all legal orders and processes of the courts of this state, which he seeks to avoid through the intervention of an appeal to this tribunal."

■ It should be noted that we do not here decide that dismissal would be proper in the case of an appeal from an order which an appellant could not in good faith reasonably comply with. Nor do we hold that dismissal would be warranted when compliance with the order appealed from would substantially prejudice an appellant's rights. Here there has been no question raised as to appellant's ability to comply with the orders involved.

Thus, dismissal of an appeal because of disregard of trial court orders is discretionary with this court. And whether to exercise that discretion will depend upon the facts of each case. Dismissal is clearly warranted here.

Accordingly, appellant will be given thirty days from the date of this decision in which to comply with all orders of the trial court in this matter. If at the end of that period he continues to defy those orders his appeal herein will be dismissed.

So ordered.

BERNSTEIN, C. J., and STRUCKMEYER, JENNINGS and LOCKWOOD, JJ., concur.