# Order

Michigan Supreme Court
Lansing, Michigan

January 8, 2010

139165

ALEXANDER L. FRIEND,
        Plaintiff-Appellee,

v

JULIA D. FRIEND,
        Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 139165
COA: 284330
Houghton CC: 06-013298-DM

On order of the Court, the application for leave to appeal the May 21, 2009 judgment of the Court of Appeals is considered. We direct the Clerk to schedule oral argument on whether to grant the application or take other peremptory action. MCR 7.302(H)(1). The parties shall submit supplemental briefs within 42 days of the date of this order, including among the issues to be briefed whether this Court should adopt the fugitive disentitlement doctrine. See, e.g., *Matsumoto v Matsumoto*, 171 NJ 110; 792 A2d 1222 (2002); *Stewart v Stewart*, 91 Ariz 356; 372 P2d 697 (1962). The parties should not submit mere restatements of their application papers.

The Family Law Section of the State Bar of Michigan and the Michigan Chapter of the American Academy of Matrimonial Lawyers are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.

CORRIGAN, J. (*concurring*).

I concur in this Court's order directing that oral argument be heard on defendant's application for leave to appeal. Under current circumstances, however, I question defendant's entitlement to appellate relief given her repeated contempt of the trial court's parenting time and custody orders and the pendency of a warrant for defendant's arrest. Under the "fugitive disentitlement doctrine," any relief this Court would grant defendant after hearing arguments on the application should be contingent on her compliance with the trial court's orders.

In response to defendant's application for leave to appeal to this Court, the plaintiff father moved to dismiss on the basis of the fugitive disentitlement doctrine. In the criminal context, this doctrine holds that "an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." *Ortega-Rodriguez v United States*, 507 US 234, 239 (1993). Under this logic, a criminal defendant's "escape[] from the restraints placed upon him pursuant to the conviction . . . disentitles the defendant to call upon the resources of the Court for determination of his claims." *Molinaro v New Jersey*, 396 US 364, 366 (1970). Several courts have extended the doctrine to civil cases and, in particular, to custody disputes. In *MacPherson v MacPherson*, 13 Cal 2d 271, 277 (1939), the California Supreme Court dismissed the father's appeal, stating that

> [i]n secluding the children in a foreign country and alienating them, appellant violated not only his agreement with plaintiff and the provisions of the interlocutory and final decrees of divorce, but he has also wilfully and purposely evaded legal processes and contumaciously defied and nullified every attempt to enforce the judgments and orders of the California courts, including the very order from which he seeks relief by this appeal. Such flagrant disobedience and contempt effectually bar him from receiving the assistance of an appellate tribunal. A party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state.

In *In re Kamelia S*, 82 Cal App 4th 1224, 1229 (2000), the California Court of Appeal applied the reasoning of *MacPherson* in the context of a dependency proceeding and dismissed the appeal of a father who had removed his daughter from a foster care placement ordered by the juvenile court:

> As an active participant [the father] has been and is aware of the underlying dependency proceedings. His intentional absence violates the orders of the juvenile court and his secluding the minor child undermines and frustrates the entire purpose of the dependency law. It is virtually impossible for the court to extend its protection to Kamelia S. in her unavailable status at a completely unknown location. Appellant is entirely responsible for paralyzing the court's ability to implement the procedures intended to benefit the interests of the dependent minor. He "stands in an attitude of contempt to legal orders and processes of the courts of this state." [Quoting *MacPherson*, *supra* at 277.]

Similarly, in the recent case of *Colombe v Carlson*, 757 NW2d 537 (ND, 2008), the mother violated the trial court's judgment awarding sole legal and physical custody of

the parties' children to the father by absconding with the children to another state and refusing to return. The North Dakota Supreme Court extended what it termed the "fugitive dismissal rule," which it had previously adopted in the criminal context, and dismissed the mother's appeal. The court "recognize[d] that the fugitive dismissal rule should be invoked with great caution and restraint," but "conclude[d] that the fugitive dismissal rule is applicable to civil cases and the facts of this case merit such a harsh result." *Id*. at 541; see also *Matsumoto v Matsumoto*, 171 NJ 110 (2002).

In this case, the defendant mother failed to comply with the counseling and parenting time provisions of the parties' November 29, 2007, divorce judgment. In February 2008, plaintiff filed an ex parte motion for an order to show cause. After a hearing on March 28, 2008, the trial court found defendant in contempt of court. In its April 21, 2008, opinion and order on the hearing to show cause, the trial court ordered the parties and children to appear at the office of the counselor specified in the divorce judgment within 10 days. After defendant failed to comply with that order, plaintiff filed a second ex parte motion to show cause in July 2008. The court ordered defendant to appear at a hearing on September 15, 2008. After she failed to appear, the court issued a contempt order and a warrant for her arrest on December 8, 2008.

Because I question defendant's right to appellate relief while she is in contempt of the trial court's orders, and to avoid the harsh sanction of outright dismissal, I would explore the approach of the Arizona Supreme Court in *Stewart v Stewart*, 91 Ariz 356 (1962),[1] and condition the grant of any relief this Court concludes is otherwise appropriate on defendant's compliance with the trial court's orders.

---

[1] In *Stewart*, the appellant husband challenged the parties' divorce judgment, which was favorable to his wife. The Arizona Supreme Court agreed with the "[t]he majority rule" that an appellate court has discretion to dismiss an appeal when the appellant has violated a trial court order. *Stewart*, *supra* at 358. Noting that no question had been raised about the appellant's ability to comply with the relevant trial court orders and that "dismissal of an appeal because of disregard of trial court orders is discretionary with this court" and dependent on the facts of each case, the Arizona Supreme Court gave the appellant 30 days to comply with all of the trial court's orders. *Id*. at 360. "If at the end of that period he continues to defy those orders his appeal herein will be dismissed." *Id*.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 8, 2010

_Corbin R. Davis_
Clerk

s0105