# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 25, 2010

139165 & (49)(53)

ALEXANDER L. FRIEND,
        Plaintiff-Appellee,

v

JULIA D. FRIEND,
        Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 139165
COA: 284330
Houghton CC: 06-013298-DM

On April 14, 2010, the Court heard oral argument on the application for leave to appeal the May 21, 2009 judgment of the Court of Appeals. On order of the Court, the motion to dismiss and the application are again considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Houghton Circuit Court for clarification of its alimony award. On remand, the circuit court shall indicate whether its alimony award was intended to be alimony in gross or periodic alimony. Clarification is necessary in light of the conflicting directions the circuit court gave when rendering its spousal support award.

First, the award provides gradually decreasing rehabilitative payments to allow appellant to assimilate into the workforce and establish economic self-sufficiency. This suggests that the payments are periodic alimony because periodic alimony is designed to provide support and maintenance rather than to distribute property.[1]

Second, the award states that the annual sums payable to appellant "shall be subject to reduction over the term of the period for which alimony is awarded." This suggests that the award is periodic alimony because only periodic alimony is subject to modification. Alimony in gross is nonmodifiable.

---

[1] See *Staple v Staple*, 241 Mich App 562, 560 (2000) ("If . . . alimony is either a lump sum or a definite sum to be paid in installments, [it] is . . . alimony in gross [which is] not really alimony intended for the maintenance of a spouse, but rather is in the nature of a division of property").

Third, the uniform spousal support order states that, for tax purposes, the alimony payments will be deductible to the payer (appellee) and included in the income of the payee (appellant). This suggests that the award is periodic alimony because alimony in gross is not a taxable event to the payee. However, periodic alimony is taxable to the payee.

Fourth, no contingencies such as death or remarriage are included in the spousal support award. This suggests that it is alimony in gross. Periodic alimony is typically terminated on the death or remarriage of the recipient. Alimony in gross is not.

As a precondition of the trial court clarifying the nature of its award, appellant shall purge herself of any outstanding findings of contempt in the circuit court within 90 days of the date of this order. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

The motion to settle jurisdiction is DENIED as moot.

We do not retain jurisdiction.

CORRIGAN, J. (*dissenting*).

I respectfully dissent from the Court's order remanding to the trial court on the alimony issue and otherwise denying the defendant mother's application for leave to appeal. Defendant has repeatedly violated the trial court's orders concerning custody and parenting time, thus depriving the plaintiff father of any contact or relationship with his children for nearly three years. The trial court has found defendant in contempt of court at least twice and issued a bench warrant for her arrest. The majority reaches the merits of defendant's application while she continues to defy the trial court's orders, including the very order from which she seeks relief. I would instead adopt the "fugitive disentitlement doctrine" and condition our consideration of defendant's application on her compliance with the trial court's orders.

The parties' November 29, 2007 judgment of divorce included counseling and parenting time provisions with which defendant failed to comply. Plaintiff first filed a motion for an order to show cause in February 2008. After a March 28, 2008 hearing at which defendant failed to appear, the trial court found defendant in contempt of court. In an April 21, 2008 opinion and order, the trial court ordered the parties and children to appear at the office of the counselor specified in the divorce judgment within 10 days. After defendant failed to comply with that order, plaintiff filed a second motion to show cause in July 2008. The court ordered defendant to appear at a hearing on September 15, 2008. After she failed to appear, the court held her in contempt and issued a warrant for her arrest on December 8, 2008.

At oral argument in this Court on April 14, 2010, plaintiff's counsel stated that, because of defendant's refusal to comply with custody and parenting time orders, plaintiff's last meaningful visitation with his children took place in August 2007. As a result, plaintiff has "basically no relationship" with his children at this point. Yet plaintiff has apparently paid, and defendant has apparently continued to collect, spousal support and child support under the terms of the judgment of divorce. In her application for leave to appeal, defendant raises several challenges to the divorce judgment.

Defendant has "wil[l]fully and purposely evaded legal processes and contumaciously defied and nullified every attempt to enforce the judgments and orders" of the trial court. *MacPherson v MacPherson*, 13 Cal 2d 271, 277 (1939). The trial court's contempt orders and bench warrant amount to a formal adjudication of defendant's nonappearance. I believe that defendant's fugitive status "disentitles [her] to call upon the resources of the Court for determination of h[er] claims." *Molinaro v New Jersey*, 396 US 365, 366 (1970). I would not entertain her request for legal redress "while [s]he stands in an attitude of contempt to legal orders and processes of the courts of this state." *MacPherson*, *supra*. Instead, I would adopt the approach of the Arizona Supreme Court in *Stewart v Stewart*, 91 Ariz 356 (1962),[2] and require defendant to comply with the trial court's orders within a specified period of time or face dismissal of her application for leave to appeal. I would give defendant 56 days to comply before dismissing her application.

YOUNG and MARKMAN, JJ., join the statement of CORRIGAN, J.

---

[2] In *Stewart*, the appellant husband challenged the parties' divorce judgment. The Arizona Supreme Court agreed with the "[t]he majority rule" that an appellate court has discretion to dismiss an appeal when the appellant has violated a trial court order. *Stewart*, 91 Ariz at 358. The court gave the appellant 30 days to comply with all of the trial court's orders. *Id*. at 360. "If at the end of that period he continues to defy those orders his appeal herein will be dismissed." *Id*.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 25, 2010

Clerk