# STATE OF MICHIGAN

# COURT OF APPEALS

RUDOLF MARCEL SMALING,

        Plaintiff/Counter
        Plaintiff/Appellee/Cross-Appellant,

UNPUBLISHED
February 26, 2015

V

No.  314826
Kalamazoo Circuit Court
Family Division

LAURA CORDELIA SMALING,

LC No.  2011-005451-DM

        Plaintiff/Counter
        Plaintiff/Appellant/Cross-Appellee.

AFTER REMAND

Before:  M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

In its initial opinion, the trial court combined child and spousal support amounts such that we concluded the record was insufficient for review.  Accordingly, we remanded the case to the trial court with instructions to clarify its rulings as to spousal and child support and retained jurisdiction.  *Smaling v Smaling*, unpublished opinion per curiam of the Court of Appeals, issued December 4, 2014 (Docket No. 314826).  On remand, the trial court issued a new opinion and an amended judgment of divorce.  The matter now returns to us for review.[1]

The parties were married for 22 years and had four children who, at the time of trial, ranged in age from eight to 15 years old.  The parties were each 45 years old at the time the divorce complaint was filed.  At the time of trial, plaintiff was employed as a director of engineering with an annual salary of $185,000.  He also typically received substantial annual bonuses, sometimes, according to defendant, as high as $50,000.  Defendant had left the professional workforce when the couple had children and worked part-time as a piano teacher earning approximately $10,000 per year.

---

[1] Our earlier opinion conclusively resolved the issue concerning the parties' respective responsibilities for the payment of the children's medical expenses and the issue concerning attorney fees, and so we do not readdress those issues.

-1-

In its opinion on remand and amended judgment, the trial court again ordered spousal support to be paid by plaintiff to defendant. The court directed that spousal support be paid at an initial rate of $3,000 per month for three years beginning November 30, 2012 and at the rate of $2,000 per month for the following three years, at which point support shall terminate. The court indicated that it based these terms on defendant's expectation that she will complete training as an occupational therapist during the first three years and thereafter obtain employment in that field. The court also stated that if defendant has not obtained employment as expected, she may bring a motion to modify support provided that such a motion is brought within seven years from November 30, 2012.

On remand, the court also addressed the question of plaintiff's employment bonuses. It ordered that plaintiff must, within seven days after receipt of each of his bonuses, provide defendant with information as to the amount. If, at any time, plaintiff's bonus exceeds $30,000 in a year, he shall pay an additional $3,000 in spousal support. This obligation will terminate on December 31, 2019, i.e., after seven years of bonuses. Any amounts due for past bonuses must be paid by April 15, 2015.

The trial court's opinion on remand and amended/modified judgments were issued on December 29, 2014. On January 16, 2015, plaintiff moved the trial court for reconsideration of its opinion. In the interest of judicial efficiency, we consider plaintiff's motion a supplemental brief before this Court and, for the reasons set forth below, affirm the trial court's rulings on remand. We have considered and we reject defendant's argument that the trial court's opinion and amended judgment exceeded the scope of our remand order.

The object in awarding spousal support is to balance the incomes and needs of the parties so that neither will be impoverished and is to be based on what is just and reasonable under the circumstances of the case. *Moore v Moore*, 242 Mich App 652, 654; 619 NW2d 723 (2000). By contrast, child support is "based upon the needs of the child and the actual resources of each parent." *Peterson v Peterson*, 272 Mich App 511, 516; 727 NW2d 393 (2006) (quotation marks and citations omitted). Spousal support is calculated based on the following factors:

> (1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the source and amount of property awarded to the parties, (5) the parties' ages, (6) the abilities of the parties to pay alimony, (7) the present situation of the parties, (8) the needs of the parties, (9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, (11) contributions of the parties to the joint estate, (12) a party's fault in causing the divorce, (13) the effect of cohabitation on a party's financial status, and (14) general principles of equity. [*Olson v Olson*, 256 Mich App 619, 631; 671 NW2d 64 (2003).]

An award of spousal support is reviewed for an abuse of discretion and "must be affirmed unless we are firmly convinced that it was inequitable." *Gates v Gates*, 256 Mich App 420, 432-433; 664 NW2d 231 (2003).

Defendant does not challenge the majority of the underlying factual findings by the court. She argues only that the trial court erred when it stated that plaintiff had taken on a great deal of

marital debt, and that the trial court erred when it found that defendant had not attempted to reduce her expenses. More generally, although defendant asserts that she cannot meet expenses, she does not directly challenge the amount of monthly support. Rather, she maintains that the spousal support ordered for the first three years should be made permanent or at least until all of the children reach the age of majority.[2]

As to the factual challenges, we conclude that the trial court did not clearly err. With respect to defendant's requested level of support, although the trial court did not state that defendant had not attempted to reduce expenses, it did conclude that her requested support of $10,000 per month was unreasonable. Defendant maintained that the parties spent $16,000 per month when they were together, but then admitted that this exceeded plaintiff's income. She also admitted that during the proceedings she was maintaining her household on the $6,500 per month she and the children were receiving from plaintiff, combined with her own income. While the trial court's language was somewhat harsh, its criticism of defendant's views as to what constituted a livable income and a reasonable amount of support was not inconsistent with the evidence. Similarly, we conclude that the trial court did not clearly err in its finding that plaintiff had been using his salary and bonus to reduce marital debt throughout the divorce proceedings.

We also conclude that the trial court did not abuse its discretion in awarding stepped alimony designed to enable defendant to return to the workforce. An abuse of discretion occurs when the result falls outside the range of principled outcomes. *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010). See *Friend v Friend*, 486 Mich 1035, 1035; 783 NW2d 122 (2010) (upholding a spousal support award designed to provide "gradually decreasing rehabilitative payments to allow [the recipient] to assimilate into the workforce and establish economic self-sufficiency"). Here, defendant testified that she could work and planned to obtain employment as an occupational therapist after completing the appropriate education. And, between the ordered child support, her limited earnings, and the ordered spousal support, her household income would remain at approximately its present level, until such time as she presumably qualifies for, and obtains, professional employment. In addition, if defendant is ultimately unable to obtain employment as an occupational therapist or if other changes in circumstances occur, she may, as the trial court noted, seek a modification of the support amount and term.

Under these circumstances, we find no abuse of discretion in the amount or term of spousal support ordered by the trial court in its opinion on remand.

On remand, the trial court also addressed child support, modifying its prior order as to the treatment of plaintiff's annual bonuses for purposes of child support. It continued to require that plaintiff pay child support based upon his earnings, inclusive of bonuses. However, it substantially revised the mechanism by which the precise amounts are to be determined and scheduled a hearing for February 2015 before the referee to make the precise determinations. We find no error in this modification. As to plaintiff's argument that this is an improper

---

[2] The youngest child will turn 18 in 2021.

delegation of authority to the referee, we note that the referee's determinations constitute recommendations to the court and that if either party believes that the referee's decision is in error, they retain their right to object and obtain a judicial hearing. MCL 552.507(4); MCR 3.215.

In sum, we affirm the trial court's orders set forth in its opinion on remand and amended/modified judgment of divorce as to child support and spousal support.

/s/ Michael J. Kelly
/s/ Jane E. Beckering
/s/ Douglas B. Shapiro