NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

JEANEEN MCGEE fka MORRIS, *Petitioner/Appellee,*

*v.*

JAMES BERTRAM MORRIS, *Respondent/Appellant.*

No. 1 CA-CV 15-0843 FC
FILED 3-14-2017

Appeal from the Superior Court in Maricopa County
No. FN2007-051749
The Honorable Jennifer C. Ryan-Touhill, Judge

**APPEAL DISMISSED**

COUNSEL

Jennings, Haug & Cunningham, L.L.P., Phoenix
By John R. Cunningham, Edward Rubacha
*Counsel for Petitioner/Appellee*

Rose Law Group PC, Scottsdale
By Kaine R. Fisher
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**W I N T H R O P**, Judge:

¶1        James Bertram Morris ("Husband") appeals from a post-decree order awarding attorneys' fees to Jeaneen McGee, formerly known as Morris ("Wife").  For the reasons stated below, we dismiss Husband's appeal.

### FACTS AND PROCEDURAL HISTORY

¶2        Pursuant to the parties' 2009 consent decree of dissolution and property settlement agreement ("PSA"), Husband was to pay Wife $2,500 per month in spousal maintenance.  The PSA also included a provision regarding the "Cadence Lawsuit," which stated the community may have a related legal malpractice claim against the "Cadence" attorneys and that the parties would share equally the net recovery of the "Cadence" and "related lawsuits."  Ultimately, the parties settled the legal malpractice claim arising out of the "Cadence Lawsuit."

¶3        Shortly after the decree was entered, Wife filed two separate petitions for contempt, alleging that Husband failed to pay spousal maintenance and attorneys' fees.  In both proceedings, the court ordered Husband to provide specific financial documents and pay Wife's attorneys' fees and spousal maintenance pursuant to the decree and PSA.  Husband failed to appear and was found in contempt after the second hearing, and a civil arrest warrant was issued.  Wife filed a third petition for contempt and enforcement, arguing Husband still had not complied with prior court orders.  After much litigation, including Husband's unsuccessful interpleader action in Nevada federal district court, the trial court scheduled a status conference.  Husband filed for bankruptcy in California

shortly before the status conference, however, so all family court proceedings were stayed.[1]

¶4 On the day the bankruptcy stay was lifted, Husband filed a petition to modify his spousal maintenance obligation. Wife responded that Husband had not yet purged the earlier contempt order and, therefore, the family court should not hear his petition to modify. Among other pleadings, Wife also filed a petition for order to show cause regarding the disbursement of the malpractice settlement funds pursuant to the PSA. The court addressed both matters at a single show cause hearing and set both issues for trial on the same date. Before trial commenced, the parties filed cross motions for summary judgment regarding distribution of the malpractice settlement funds.

¶5 We do not have the transcript from the September 21, 2015 trial, but the record indicates that Husband was not represented at that time and did not appear.[2] The court took the matters under advisement and ordered Wife's counsel to submit an attorneys' fees affidavit and proposed form of order.

¶6 In her post-hearing submissions, Wife sought to recover the attorneys' fees she incurred responding to Husband's petition to modify spousal maintenance as well as other post-decree litigation pending before the family court, including "the closely related and substantially intertwined bankruptcy action . . . ." Husband did not file any written objection or response. The court denied Husband's petition to modify spousal maintenance and awarded Wife all the attorneys' fees she requested, totaling $97,727.50, plus $915.56 in costs.

---

[1] Before the stay, Husband was also ordered to provide financial discovery or face monetary or procedural sanctions.

[2] The October 8, 2015 minute entry states the court held a trial on Husband's petition to modify. The court's orders and ultimate signed judgment do not reflect that the court addressed Wife's petition or the cross motions for summary judgment regarding the malpractice settlement. The record available to us does not indicate the family court has ruled on these matters. We express no opinion as to the merits of these issues.

¶7 Husband filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (2016).[3]

**ANALYSIS**

¶8 Husband argues the trial court erred by awarding Wife attorneys' fees related to the bankruptcy proceedings and the malpractice settlement disbursement proceedings that are still pending. The court awarded Wife fees pursuant to A.R.S. § 25-324 (Supp. 2016). Interpretation of this statute is a question of law we review *de novo*, but the amount of fees awarded is a discretionary ruling subject to an abuse of discretion standard of review on appeal. *See Thompson v. Corry*, 231 Ariz. 161, 163, ¶ 4, 291 P.3d 358, 360 (App. 2012).

> I.    *Dismissal of the Appeal as a Result of Husband's Unclean Hands*

¶9 As a preliminary matter, Wife asks this court to dismiss the appeal in light of Husband's unclean hands and continued contempt of the family court's orders. In support of her position, Wife relies on *Stewart v. Stewart*, 91 Ariz. 356, 372 P.2d 697 (1962), in which the Arizona Supreme Court conditionally dismissed an appeal from a default decree of dissolution and order that the husband pay the wife's attorneys' fees. In *Stewart*, the trial court found the husband in contempt of court for failing to pay interim spousal support and attorneys' fees and issued an arrest warrant. *Id.* at 357, 372 P.2d at 698. When the husband failed to appear at trial, the court entered a default decree and awarded attorneys' fees to the wife. *Id.* at 357-58, 372 P.2d at 698. The husband did not comply with any trial court orders, but appealed the denial of a jury trial. *Id.* at 358, 372 P.2d at 698-99.

¶10 On appeal, the supreme court recognized that appellate courts have discretion to dismiss an appeal depending on the facts of each case and concluded that dismissal was appropriate based on the husband's "flagrant and contumacious disregard" of trial court orders. *Id.* at 357-58, 372 P.2d at 698-99. *Stewart* concluded, "'[t]he husband cannot, with any propriety, ask this court to hear his claims and thereafter render him assistance, while he stands in an attitude of complete contempt to any and all legal orders and processes of the courts of this state, which he seeks to avoid through the intervention of an appeal to this tribunal.'" *Id.* at 360, 372

---

3    Absent material revision after the relevant date, we cite the current version of statutes.

P.2d at 700 (quoting *Rude v. Rude*, 314 P.2d 226, 230 (Cal. Dist. Ct. App. 1957)). The court held the discretionary decision to dismiss an appeal was not a denial of due process, but "a 'reasonable' method of '. . . sustaining effectiveness of a state's judicial process . . . .'" *Stewart*, 91 Ariz. at 358, 372 P.2d at 699 (quoting *Nat'l Union of Marine Cooks & Stewards v. Arnold*, 348 U.S. 37, 45 (1954) (omissions in original)). Dismissal is an appropriate exercise of the "court's inherent power to ignore the demands of litigants who persist in defying the legal orders and processes . . . ." 17 Am. Jur. 2d *Contempt* § 197 (2017); *see also* 4 C.J.S. *Appeal and Error* § 268 (2017) (same).

¶11 We have held that dismissing an appeal for an appellant's contumacious conduct is a discretionary decision "similar in nature to a decision in equity." *In re Marriage of Margain & Ruiz-Bours*, 239 Ariz. 369, 373, ¶ 18, 372 P.3d 313, 317 (App. 2016). In *Margain*, the mother sought to dismiss the father's appeal in a custody dispute, arguing the father was in contempt for failing to return the child following his parenting time in Mexico. *Id.* at 372, ¶ 14, 372 P.3d at 316. This court recognized that it had discretion to dismiss an appeal based on an appellant's unclean hands as an exercise of its contempt powers, but in that case, declined to dismiss the father's appeal because the mother had previously absconded with the child from Mexico to Arizona. *Id.* at 373-74, ¶¶ 17, 19-20, 372 P.3d at 317-18. Applying the "'cardinal rule of equity that he who comes into a court of equity seeking equitable relief must come with clean hands[,]'" the court denied the mother's motion to dismiss the appeal. *Id.* (quoting *MacRae v. MacRae*, 57 Ariz. 157, 161, 112 P.2d 213, 215 (1941)).

¶12 Other jurisdictions also recognize this principle and have dismissed appeals by parties who have defied trial court orders. *See, e.g.*, *In re Marriage of Hofer*, 145 Cal. Rptr. 3d 697, 700-01 (Cal. Ct. App. 2012) (holding the appellate court may stay or dismiss the appeal of a party who has refused to obey lower court orders under the "disentitlement doctrine"); *Schmidt v. Schmidt*, 610 A.2d 1374, 1376-77 (Del. 1992) (dismissing an appeal where the appellant was in contempt for refusing to deposit the full amount of funds ordered into an escrow account); *Slowinski v. Sweeney*, 117 So. 3d 73, 77-79 (Fla. Dist. Ct. App. 2013) (holding a party could not intervene in a paternity action where that party defied an order to relinquish custody of the child); *Prevenas v. Prevenas*, 227 N.W.2d 29, 29-30 (Neb. 1975) (conditionally dismissing an appeal due to the appellant's failure to make child support payments); *Scelba v. Scelba*, 535 S.E.2d 668, 671 (S.C. Ct. App. 2000) (applying a similar "fugitive disentitlement doctrine" as an exercise of inherent contempt power to dismiss the appeal of a fugitive appellant where the fugitive status was connected to the appellate process being sought); *Hentsch Henchoz & Cie v. Gubbay*, 97 P.3d 1283, 1287, ¶¶ 16-

17 (Utah 2004) (holding an appellate court may dismiss an appeal where the appellant has "willfully disobeyed" a lower court order in the same action even without a formal finding of contempt); R.D. Hursh, Annotation, *Dismissal of Appeals for Appellant's Failure to Obey Court Order*, 49 A.L.R.2d 1425, § 2[b] (2017) (citing additional cases).

¶13        Husband argues *Stewart* does not permit dismissal where the appellant could not in good faith reasonably comply with the order or when compliance would substantially prejudice the appellant's rights. In *Stewart*, there was no question as to the husband's ability to comply with the court order; therefore, the court expressly declined to address whether dismissal would be proper in such circumstances. *Stewart*, 91 Ariz. at 360, 372 P.2d at 700. Husband claims he is unable to comply with the nearly $100,000 judgment. However, the relevant inquiry is Husband's ability to comply with the *contempt* order; his ability to comply with the attorneys' fee judgment is immaterial. It is Husband's purposeful and contumacious conduct that compels the denial of appellate relief here.

¶14        Husband was found in contempt for failing to pay spousal maintenance and attorneys' fees, and failing to guarantee his support obligation with an appropriate life insurance policy. He was also ordered to provide financial discovery. On appeal, Husband does not claim he has satisfied any of these orders and has not offered any evidence that he purged the contempt finding or that the outstanding arrest warrant has been quashed. The family court's finding that there was no change in Husband's financial circumstances warranting a reduction of spousal maintenance and the bankruptcy court's rulings regarding Husband's assets suggest Husband could reasonably comply with his support obligations and other pending court orders.

¶15        Husband has not come to this court with clean hands. Husband has disregarded his court-ordered support obligations and prior orders to pay Wife's attorneys' fees, has ignored the contempt order, and has evaded the arrest warrant. Instead of complying, Husband later petitioned to reduce his support obligation, failed to appear at the hearing on his petition, and now seeks this court's assistance in reducing the amount of attorneys' fees awarded to Wife following those proceedings. We find Husband's contumacious conduct sufficiently connected to the award of attorneys' fees on appeal to warrant dismissal of this appeal. *See Smith v. Neely*, 93 Ariz. 291, 293, 380 P.2d 148, 149 (1963) (holding the doctrine of unclean hands requires that the unconscionable conduct relate to the claim being barred).

## II.     *Attorneys' Fees and Costs on Appeal*

**¶16**     Both parties request an award of attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324.  We lack recent information regarding the parties' financial resources, but find that Husband's appeal in the face of his contumacious conduct was unreasonable.  We exercise our discretion to award Wife her reasonable attorneys' fees on appeal and, as the successful party on appeal, her costs.  *See* A.R.S. § 12-342 (2016).

## CONCLUSION

**¶17**     The appeal is dismissed.  Wife is awarded her reasonable attorneys' fees and costs on appeal subject to compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA