# STATE OF MICHIGAN

# COURT OF APPEALS

DONNA M. BECKER,

      Plaintiff-Appellee,

v

HOWARD M. BECKER,

      Defendant-Appellant.

UNPUBLISHED
October 23, 2018

No. 342922
Marquette Circuit Court
LC No. 17-055639-DM

Before: MURPHY, P.J., and SAWYER and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right a judgment of divorce, challenging the trial court's calculation of spousal support awarded to defendant. The trial court ordered plaintiff to pay defendant $1,000 per month for five years in modifiable spousal support, and defendant argues that upon examination and application of the spousal support factors, $1,700 per month for 10 years would constitute a reasonable award of spousal support. We hold that the trial court did not abuse its discretion in determining the amount and duration of spousal support. Accordingly, we affirm.

The parties were married for 29 years, although they had separated and lived apart for a five-year period before plaintiff filed her divorce complaint. The parties have two children in common,[1] and defendant served as a stay at-home father. Defendant had some intermittent employment before the children were born, but he has not been employed since that time. Plaintiff is a university professor and was the family's primary financial provider. In 2017, she earned approximately $88,000, and her income will likely continue to rise. Even after the separation, plaintiff continued to support defendant, depositing her earnings into a joint checking account to which defendant had access.

Pursuant to the divorce judgment, the parties were awarded joint legal and physical custody of their two children, and plaintiff pays $617 in monthly child support to defendant. Defendant was awarded the marital home by agreement of the parties.[2] By agreement, defendant

---

[1] A child custody order was put in place immediately upon the parties' separation.

[2] In plaintiff's trial brief, she indicated that the marital house was appraised at $220,000 and that the mortgage balance was $92,000. Plaintiff further stated in the brief that she had "no objection

-1-

was also awarded a rental duplex owned by the parties, which generated $1,200 in monthly gross income, no longer had a mortgage, and was appraised at $110,000 according to plaintiff. Additionally, defendant was awarded the sum of $44,167 from plaintiff's retirement account by way of a Qualified Domestic Relations Order (QDRO).[3] Further, by agreement, defendant was awarded three motor vehicles, four motorcycles, three sailboats, and a Catamaran, all of unknown value, while plaintiff was awarded her 2001 Jeep Wrangler.

With respect to spousal support, defendant argued below that his age[4] and his limited employment history would make it difficult to find work and that plaintiff, who earns a large salary, should therefore pay him $1,700 per month in spousal support until he reached retirement age in about 10 years. Plaintiff contended that defendant had long had the ability to earn money but had chosen not to pursue employment. She proposed a transitional award of spousal support in the amount of $750 to $1,000 per month for two or three years. The trial court, after carefully and thoughtfully examining the evidence in conjunction with the various relevant spousal support factors, awarded defendant modifiable spousal support in the amount of $1,000 per month for the duration of five years. Defendant appeals as of right.

We review a trial court's award of spousal support for an abuse of discretion. *Loutts v Loutts,* 298 Mich App 21, 25; 826 NW2d 152 (2012). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Woodington v Shokoohi,* 288 Mich App 352, 355; 792 NW2d 63 (2010). Any findings of fact relating to the award are reviewed for clear error. *Id.* A finding of fact "is clearly erroneous if, after a review of the entire record, the reviewing court is left with the definite and firm conviction that a mistake was made." *Id.* Deference is given to a trial court's findings of fact that are based on the credibility of witnesses. *Id.*

MCL 552.23(1) contemplates a case-by-case approach in determining an award of spousal support. *Loutts,* 298 Mich App at 29-30.[5] "The primary purpose of spousal support is to

---

to [defendant] retaining that home, along with its $128,000.00 in equity." Defendant never contested these figures.

[3] Plaintiff's retirement account amounted to approximately $368,000. Defendant was awarded his retirement account, which was earned early in the marriage and totaled about $40,000.

[4] Defendant was 57 years old at the time of the trial.

[5] MCL 552.23(1) provides:

> Upon entry of a judgment of divorce or separate maintenance, if the estate and effects awarded to either party are insufficient for the suitable support and maintenance of either party . . ., the court may also award to either party the part of the real and personal estate of either party and spousal support out of the real and personal estate, to be paid to either party in gross or otherwise as the court considers just and reasonable, after considering the ability of either party to pay and the character and situation of the parties, and all the other circumstances of the case.

balance the parties' incomes and needs so that neither party will be impoverished, and spousal support must be based on what is just and reasonable considering the circumstances of the case." *Id.* at 32. A court should consider all relevant factors in determining an appropriate award of spousal support, including:

> (1) the past relations and conduct of the parties; (2) the length of the marriage; (3) the abilities of the parties to work; (4) the source and the amount of property awarded to the parties; (5) the parties' ages; (6) the abilities of the parties to pay support; (7) the present situation of the parties; (8) the needs of the parties; (9) the parties' health; (10) the parties' prior standard of living and whether either is responsible for the support of others; (11) the contributions of the parties to the joint estate; (12) a party's fault in causing the divorce; (13) the effect of cohabitation on a party's financial status; and (14) general principles of equity. [*Woodington,* 288 Mich App at 356 (citation omitted).]

Rehabilitative spousal support is intended to allow a party to assimilate into the work force and establish economic self-sufficiency. See *Friend v Friend,* 486 Mich 1035; 783 NW2d 122 (2010). "Spousal support does not follow a strict formula." *Loutts,* 298 Mich App at 30.

Defendant's argument on appeal chiefly consists of him recounting the situational circumstances of the parties, financial and otherwise, during the course of the marriage and thereafter, concluding that spousal support of $1,700 per month for 10 years is completely reasonable under those circumstances. However, defendant fails to articulate how or why the actual award of spousal support, $1,000 per month for five years, constitutes an abuse of discretion. Assuming that $1,700 per month for 10 years is indeed "reasonable" under the circumstances, it does not necessarily follow that the award of $1,000 per month for five years falls outside the range of reasonable and principled outcomes. The trial court's findings regarding the spousal support factors are pretty much consistent with defendant's review and analysis of the factors; the court simply came up with a different dollar figure and durational period that it determined was fair and reasonable under the circumstances. The trial court's spousal support award was more than plaintiff wished to pay and less than defendant had requested, reflecting an equitable ruling.

The trial court did find that defendant had rental income from the duplex, which was $1,200 per month, and that, additionally, defendant "could probably earn . . . $20,000 with available jobs in stores." Defendant does not assail these findings, and he even concedes that "he will most likely be able to find low-wage work" and that "he has recently been re-certified to begin teaching on a substitute basis." The trial court observed:

> [T]he [c]ourt finds that there's been an unexercised ability to earn for many years, and an opportunity to improve hire-ability, employability, during th[e] past six years, and there's simply not been any effort toward that end. I think the other side of the analysis is that the parties have really kind of operated as they always did, and maybe there's some, you know, dependency expectation that grew out of that.

Defendant does not counter these sentiments by the trial court. We also note that while plaintiff retained a large portion of her retirement account, defendant received real property

valued at, considering the equity alone, almost a quarter of a million dollars, along with numerous vehicles and boats. In sum, under all of the surrounding circumstances, there is simply no basis in the record to conclude that the trial court clearly erred in regard to its factual findings or that the award of spousal support constituted an abuse of discretion.

Affirmed. Having fully prevailed on appeal, plaintiff is awarded taxable costs under MCR 7.219.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Brock A. Swartzle