NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

STACY KRISTINE YACULLO, *Petitioner/Appellee*,

*v.*

MICHAEL GAVAN CUNNIFFE, *Respondent/Appellant*.

No. 1 CA-CV 19-0537 FC
FILED 5-26-2020

Appeal from the Superior Court in Maricopa County
No.  FC 2011-000715
The Honorable Michael C. Blair, Judge

**AFFIRMED**

COUNSEL

Berkshire Law Office PLLC, Tempe
By Keith Berkshire, Erica L. Gadberry, Alexandra Sandlin
*Counsel for Respondent/Appellant*

Hildebrand Law PC, Scottsdale
By Kip M. Micuda, Carlos Noel
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**C A M P B E L L**, Judge:

¶1 Michael G. Cunniffe ("Father") appeals from the superior court's modification of child support and parenting time and its award of attorney's fees to Stacy K. Yacullo ("Mother"). For the following reasons, we affirm.

## BACKGROUND

¶2 Father and Mother were divorced in 2011. Parents have two children in common, Gavan, born in July 2006, and Aiden, born in September 2009. In March 2014, the superior court entered new orders awarding the parties joint legal decision-making. As of 2015, the children resided primarily with Mother, and Father had parenting time every other weekend and overnight one day during the week.

¶3 In May 2018, Mother filed a petition for temporary orders and to modify decision-making, parenting, and child support. Mother sought sole legal decision-making and asked the court to eliminate Father's overnight parenting time on school nights. The only change she sought for child support was that the court should order her, not Father, to be responsible for the children's insurance. Father did not file a response to Mother's petition, nor did he file his own petition to modify child support. In December 2018, the superior court awarded Mother temporary sole legal decision-making authority and eliminated Father's overnight parenting time on school nights.

¶4 Dr. Raymond Branton, a psychologist, was appointed by the court as an evaluator. Dr. Branton completed a comprehensive family evaluation ("CFE") in April 2019. He also conducted psychological testing of each parent and interviewed the children, Mother, Father, Father's girlfriend, the children's educators, Gavan's therapist, and his developmental and behavioral pediatrician. Dr. Branton opined that it was in the children's best interests for Mother to have sole legal-decision making authority. He observed:

These co-parents, unfortunately, are entrenched in their conflict with one another. Even the various professionals involved with the children (educators and medical providers) have witnessed and agree that it is unfortunate that the Parents have such tense and conflictual interactions, especially in front of the children. In this Evaluator's professional opinion, a Joint Legal Decision-making arrangement does not work for these Parents and has not worked for some time, and is not likely to work in the future.

Dr. Branton noted that while Father and the children had close relationships, they reported that Father frequently yelled at them when they were with him, which caused them stress. Dr. Branton interviewed Aiden's headmaster, who reported that when Father brought Aiden to school he was often tardy, which caused the boy unnecessary stress. In his interview with Dr. Branton, Aiden stated that Father "gets me to school late almost every day. Well he used to—but now because of the new schedule . . . The new schedule is definitely a good thing . . . When mom takes me [I] can expect to have some time before school. . . . [I] can't remember being late in [the] last three months [with Mother]." Gavan reported that Father blamed the children for Aiden's tardiness. In April 2019, Gavan was allowed to return to school and was "flourishing" according to his principal.

¶5            After a trial on Mother's petition in April 2019, the superior court entered a detailed minute entry order. The court awarded Mother sole legal decision-making authority and gave Father parenting time every other weekend ending at 6 p.m. on Sunday. After finding it was not in the children's best interests to modify Father's monthly child support obligation, the court ordered Father to continue paying $2100 per month to Mother but ordered Mother to provide for the children's insurance. The court awarded attorney's fees to Mother. Father timely appealed.[1]

---

[1]       Mother urges us to dismiss Father's appeal pursuant to *Stewart v. Stewart*, 91 Ariz. 356 (1962), because of Father's unreasonable conduct both before and after the trial resulting in this appeal. We decline to do so. The superior court found that neither party had acted more unreasonably in the instant matter. Although Mother argues that since trial, she has had to file a third contempt petition against Father due to his misconduct and refusal to follow the superior court's orders, we do not consider facts that are not part of the record on appeal. *See* ARCAP 11.

## DISCUSSION

### I.     Parenting Time

**¶6**         Father argues that the superior court erred by reducing his parenting time to 85 days a year. We review the court's parenting time order for an abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013). The superior court is in the best position to make credibility determinations and we will not reweigh conflicting evidence. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009).

**¶7**         As relevant here, the court may modify an existing parenting time order only if it first determines there has been a material change in circumstances affecting the welfare of the children. *Canty v. Canty*, 178 Ariz. 443, 448 (App. 1994). "Consistent with the child's best interests," the superior court must adopt a parenting plan that maximizes the parents' respective parenting time. A.R.S. § 25-403.02(B). In determining legal decision-making and parenting time, the court must consider all relevant factors regarding the child's physical and emotional well-being, including the 11 factors listed in A.R.S. § 25-403(A). In a contested parenting time case, the court must make specific findings "about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B).

**¶8**         "A parent who is not granted sole or joint legal decision-making is entitled to reasonable parenting time to ensure that the minor child has substantial, frequent, meaningful and continuing contact with the parent unless the court finds, after a hearing, that parenting time would endanger the child's physical, mental, moral or emotional health." A.R.S. § 25-403.01(D); *see also* A.R.S. § 25-103(B) ("It . . . is the declared public policy of this state . . . that absent evidence to the contrary, it is in a child's best interest . . . [t]o have substantial, frequent, meaningful and continuing parenting time with both parents . . . ."). The best interests of the child is the primary consideration in awarding parenting time. *Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003).

**¶9**         Here, the superior court found a material change of circumstances affecting the welfare of the children — "[s]pecifically, but not exclusively" that one child was frequently acting out in school and the other was frequently late on mornings Father dropped him off at school. Citing A.R.S. § 25-103(B), the court stated that it was mindful that absent evidence to the contrary, it is in a children's best interests "[t]o have substantial, frequent, meaningful and continuing parenting time with both parents."

The superior court went on to specifically address each of the A.R.S. § 25-403 best interests factors, and concluded its modification "maximizes each parent's parenting time to the extent it is in the children's best interests" and would allow the children "to have substantial, frequent, meaningful, and continuing contact with Father while protecting their physical, mental, moral, and emotional health." *See* A.R.S. § 25-403.01.

**¶10** Father acknowledges that the superior court found "differences in parenting styles between Mother and Father, such as Father was more prone to yelling, Father struggles to interact with the children appropriately due to their special needs," and "the children were late to school when in the care of Father," but nevertheless argues he should have been awarded more parenting time.

**¶11** The superior court's best interests findings and its parenting time order are supported by the record. One child had been temporarily expelled from school for misconduct and the other was chronically tardy on the mornings Father dropped him off at school following overnight visitation, which caused the child stress. After the temporary orders eliminating Father's weekday parenting time, both children were "back on track" emotionally and academically by the time of trial.

**¶12** Even though the superior court reduced Father's parenting time, the court's order still afforded Father "substantial, frequent, [and] meaningful" parenting time. We find no abuse of discretion.

## II.    Child Support

**¶13** We review the superior court's ruling on a petition for modification of child support for an abuse of discretion. *Milinovich v. Womack*, 236 Ariz. 612, 615, ¶ 7 (App. 2015). An abuse of discretion occurs when the record, viewed in the light most favorable to upholding the superior court's decision, does not support the decision or when the court commits an error of law. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999); *Birnstihl v. Birnstihl*, 243 Ariz. 588, 590, ¶ 8 (App. 2018). We will uphold the award unless it is devoid of competent evidence and for any reason supported by the record. *Nia v. Nia*, 242 Ariz. 419, 422, ¶ 7 (App. 2017).

**¶14** A child support order can only be modified "on a showing of changed circumstances that are substantial and continuing." A.R.S. § 25-327(A). "In exercising its discretion, the superior court shall consider the nature of the changes and the reasons for the changes." *Nia*, 242 Ariz. at 423, ¶ 9 (internal quotation omitted). "The burden of showing changed

circumstances is on the party seeking modification." *Amadore v. Lifgren*, 245 Ariz. 509, 513-14, ¶ 5 (App. 2018).

**¶15** Father argues that he established substantial and continuing changed circumstances warranting modification of child support. We agree. "A fifteen percent variation in the amount of the order will be considered evidence of substantial and continuing change of circumstances." *Birnstihl*, 243 Ariz. at 592-93, ¶ 16 (citing Ariz. Rev. Stat. (A.R.S. § 25-320 app. § 24(B)). However, the support guidelines do not replace the exercise of the superior court's discretion, but rather focus it. *Burnette v. Bender*, 184 Ariz. 301, 304 (App. 1995), *superseded by statute on other grounds as recognized in Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 8 (App. 2014). Father points to the superior court's child-support worksheet, which noted (1) that his income had fallen to $9332 from $12,500 a month, (2) that Mother's income had fallen by $89 a month to $3100, (3) that, as Mother had requested, she would assume responsibility for the children's insurance, saving Father $778.67 per month, and (4) that his parenting time days had decreased to 85 days a year from 140 days per year. This does indeed evidence a substantial change in circumstance warranting the court's reevaluation of the child support order. This showing however does not remove the court's discretion to deviate from the child support guidelines.

**¶16** Father is correct that "child support is always modifiable when a party establishes a change in circumstances." In *Nia*, we affirmed the superior court's discretionary determination that changes in the parties' income constituted a substantial and continuing change warranting a modification of child support. 242 Ariz. at 423-24, ¶¶ 10-16. There, as here, the parties had previously agreed to an upward deviation in child support. *Id.* at 422, ¶ 2. We held that "once a court finds there has been a significant and continuing change in circumstances from a previous child support order, the court must review the parties' situation anew; no presumption from a previous order exists." *Id.* at 425, ¶ 25. *See also Amadore*, 245 Ariz. at 515, ¶ 16 (once Father established a substantial and continuing change in circumstances due to Mother's new employment, Mother bore the burden of proving that an upward deviation was in the children's best interests—there was no presumption for a previously imposed deviation) (citing *Nia*, 242 Ariz. at 421, 425, ¶¶ 1, 24).

**¶17** However, the court is free to determine the child support amount anew. The court stated that it was in the children's best interests to deviate from the child support guidelines but then entered a finding of ". . . no substantial and continuing change to justify modifying the monthly child support amount." While we disagree about whether there was a

substantial change in circumstance, the record supports the court's other findings. We will affirm the superior court's decision if it is correct for any reason. *Glaze v. Marcus*, 151 Ariz. 538, 540 (App. 1986).

**¶18** The court's conclusion that the previous upward deviation should remain in place is supported by the record. Given the substantial savings Father will incur by being relieved of the monthly insurance premium, weighed with the imposition of that burden on Mother, the reduction of her monthly income and the change in parenting time, the superior court did not abuse its discretion by finding that the upward deviation from the child support guidelines continued to be justified and that the change in all circumstances warranted a continued upward deviation. *See Pearson v. Pearson,* 190 Ariz. 231, 234 (App. 1997) (court may deviate from the guidelines if "application of the guidelines is inappropriate or unjust in a particular case" and deviation is in the best interests of the child.) (internal quotation omitted). That determination was a question of fact and was within the court's "sound discretion." *Nia*, 242 Ariz. at 423, ¶ 9.

### III.    Attorney's Fees

**¶18** Father argues that the superior court erred by awarding Mother attorney's fees and by denying his request for fees. We review attorney's fees awards for an abuse of discretion. *Magee v. Magee*, 206 Ariz. 589, 590, ¶ 6 (App. 2004).

**¶19** After finding that A.R.S. § 25-324(B) did not apply and that neither party had acted more unreasonably than the other, the superior court awarded Mother attorney's fees and costs based on the disparity in their income. Father's income is approximately three times greater than that of Mother's. We find no abuse of discretion.

**¶20** Both sides request attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324. Neither party has taken an unreasonable position in this appeal. Because of the financial disparity between the parties, we award Mother reasonable attorneys' fees and costs on appeal subject to compliance with ARCAP 21.

**CONCLUSION**

¶21　　　　　For the foregoing reasons, we affirm the decision of the superior court.



AMY M. WOOD • Clerk of the Court
FILED:　AA